UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAMALA ROSE-HOLLIDAY, M.D.,

   Plaintiff,

   v.

SUN LIFE ASSURANCE COMPANY OF CANADA,

   Defendant.

C20-1249 TSZ

ORDER

THIS MATTER comes before the Court on Defendant Sun Life Assurance Company of Canada's (Sun Life) Motion to Dismiss Plaintiff's Complaint, docket no. 9. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

Plaintiff Kamala Rose-Holliday, M.D. worked as an emergency room physician for Emergency Physicians at Overlake. Ex. 2 to Buhite Decl. (docket no. 10-2 at 2). Sun Life issued a Group Long Term Disability (LTD) Policy to Emergency Physicians (Sun Life Plan). Complaint at 2. The Sun Life Plan contained a contractual limitations period,

ORDER - 1

1 which provided that "[n]o legal action may start . . . more than 3 years after the time
2 Proof of Claim is required."  Plan, Ex. 1 to Buhite Decl. (docket no. 10-1 at 32).  The Sun
3 Life Plan further provided that a claimant must submit "Proof of Claim" "no later than 90
4 days after the end of the Elimination Period."  Id. at 34.  The Elimination Period began on
5 the date of disability and was 90 days long.  Id. at 4, 9.  Additionally, if Sun Life
6 requested, a claimant must provide proof of continued disability and regular continuous
7 care by a physician within 30 days of the request.  Id. at 34.
8    Plaintiff suffered from a medical condition that inhibited her ability to work.  Ex. 2
9 to Buhite Decl. at 2.  Able to work on only a part-time basis, she filed a partial disability
10 claim with Sun Life.  Id.  Sun Life sent Plaintiff a letter on January 12, 2012 explaining
11 the compensation structure of her claim, the date of disability, and her partial disability
12 benefits.  Id. at 2–7.  The letter further informed Plaintiff of her right to appeal the
13 decision.  Id. at 6–7.  The following day, Plaintiff called Sun Life concerned that it had
14 miscalculated her benefits.  Ex. 4 to Buhite Decl. (docket no. 10-4 at 2).  Sun Life told
15 Plaintiff that if she disagreed with how it calculated her partial earnings, she would need
16 to file an appeal.  Id.  Plaintiff did not appeal.
17    Plaintiff continued to receive monthly partial disability benefits through
18 September 2019 (when she became totally disabled).  Complaint at 3; Plaintiff's
19 Response (docket no. 12 at 3).  In October 2019, Plaintiff's attorney contacted Sun Life
20 and stated that she believed it had miscalculated Plaintiff's disability earnings.  Ex. 2 to
21 Crawford Decl. (docket no. 13 at 51–52).  Sun Life reviewed Plaintiff's file and told her
22 that it determined its calculations were correct.  Ex. 16 to Buhite Decl. (docket no. 10-16
23

ORDER - 2

1  at 2–4). Plaintiff then filed an appeal, which Sun Life denied on August 17, 2020.

2  Ex. 17 to Buhite Decl. (docket no. 10-17 at 2–8); Ex. 18 to Buhite Decl. (docket

3  no. 10-18 at 2–9.)

4       Two days later, on August 19, 2020, Plaintiff filed this lawsuit. Sun Life moves to

5  dismiss, arguing that the contractual limitations period bars Plaintiff's suit.

6  **Discussion**

7       **A. Consideration under Rule 56**

8       Plaintiff asserts that because Sun Life's Motion to Dismiss presents matters

9  outside the pleading, the Court should treat it as motion for summary judgment under

10  Rule 56. Because Sun Life does not object, the Court will treat Sun Life's motion as one

11  for summary judgment (Motion).

12       **B. Summary Judgment Standard**

13       The Court shall grant summary judgment if no genuine issue of material fact exists

14  and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

15  The moving party bears the initial burden of demonstrating the absence of a genuine issue

16  of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A fact is material if

17  it might affect the outcome of the suit under the governing law. Anderson v. Liberty

18  Lobby, Inc., 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the

19  adverse party must present affirmative evidence, which "is to be believed" and from

20  which all "justifiable inferences" are to be favorably drawn. Id. at 255, 257. When the

21  record, however, taken as a whole, could not lead a rational trier of fact to find for the

22  non-moving party, summary judgment is warranted. See Beard v. Banks, 548 U.S. 521,

23

1  529 (2006) ("Rule 56 'mandates the entry of summary judgment, after adequate time for

2  discovery and upon motion, against a party who fails to make a showing sufficient to

3  establish the existence of an element essential to that party's case, and on which that

4  party will bear the burden of proof at trial.'" (quoting Celotex, 477 U.S. at 322)).

5      **C.  Contractual Limitations Period**

6      The Employee Retirement Income Security Act (ERISA) does not provide a

7  statute of limitations for actions to recover benefits.  Heimeshoff v. Hartford Life &

8  Accident Ins. Co., 571 U.S. 99, 105 (2013).  The parties, however, may provide a

9  limitations period by agreement.  Id. at 107.  A court must give effect to an ERISA plan's

10 limitations provision unless it determines either that the period is unreasonably short, or

11 that a controlling statute prevents the limitations provision from taking effect.  Id. at 109;

12 see also Faciane v. Sun Life Assurance Co. of Can., 931 F.3d 412, 417–18 (5th Cir.

13 2019).

14     The Sun Life Plan had a three-year limitations period for filing legal action that

15 began 90 days after the end of the Elimination Period, which was 90 days following the

16 date of disability.  Thus, Plaintiff had three years and 180 days from the date of her

17 disability to file a legal action.  Plaintiff does not dispute the date of disability was

18 January 1, 2011.  Accordingly, the Court accepts this as the date of disability and

19 determines that, to comply with the contractual limitations period, Plaintiff had to file

20 legal action by June 30, 2014.  Because Plaintiff did not file this lawsuit until August 19,

21 2020, and does not argue that the limitations period is unreasonably short or that a

22

23

ORDER - 4

controlling statute prevents it from taking effect, the Sun Life Plan's limitations period bars her action.

Plaintiff claims that the Sun Life Plan's contractual limitations period does not apply to benefit miscalculations. But the contract language is broad, providing that "[n]o legal action may start . . . more than three years after the time Proof of Claim is required." Plan, Ex. 1 to Buhite Decl. (docket no. 10-1 at 32). This language encompasses legal actions regarding benefit miscalculations.[1]

Plaintiff argues in the alternative that if the Sun Life Plan's contractual limitations period applies to benefit miscalculations, it did not start running until Sun Life last required Proof of Claim for her continued disability, i.e., October 11, 2019. But reading the Sun Life Plan as a whole,[2] the language in the contractual limitations clause refers to the original Proof of Claim required 90 days after the Elimination Period, not the Proof of Claim that Sun Life may or may not require to show continued disability or continuous care by a physician. To accept Plaintiff's interpretation would treat the Sun Life Plan as an installment contract and start a new limitations period every time that Sun Life requested Proof of Claim. Courts, however, have rejected this interpretation and have instead determined that such a "theory of accrual is inapplicable where the alleged wrong is based on an alleged one-time miscalculation of ERISA benefits of which the plaintiff is

---

[1] Here, it is undisputed that Sun Life calculated Plaintiff's partial disability earnings in the same way throughout her claim. Nothing in this order addresses whether the contractual limitations period would apply should an insurance company change its calculation method during a claim.

[2] See Dupree v. Holman Pro. Counseling Ctr., 572 F.3d 1094, 1097 (9th Cir. 2009) (stating that courts must construe ERISA provisions such that they are consistent with the plan as a whole).

ORDER - 5

aware." Riley v. Metro. Life Ins. Co., 744 F.3d 241, 245–46 (1st Cir. 2014) ("We agree with those circuits which, in like circumstances, have concluded that an ERISA cause of action accrues when, after a claim for benefits is made and a specific sum is sought, the ERISA plan repudiates the claim or the sum sought, and that rejection is clear and made known to the beneficiary." (citing Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 520–21 (3d Cir. 2007); Union Pac. R.R. Co. v. Beckham, 138 F.3d 325, 330 (8th Cir. 1998); Daill v. Sheet Metal Workers' Loc. 73 Pension Fund, 100 F.3d 62, 66 (7th Cir. 1996); Novella v. Westchester County, 661 F.3d 128, 147 (2d Cir. 2011))). The Ninth Circuit has rejected a similar claim. See Pisciotta v. Teledyne Indus., Inc., 91 F.3d 1326 (9th Cir. 1996).

Plaintiff has not cited any circuit authority that has used an "installment contract accrual theory." Plaintiff's claim arises from a single action related to Sun Life's original benefits decision. Plaintiff knew how Sun Life was calculating her disability benefits in January 2012, but she waited over seven years to file an appeal, and over eight years to take legal action.[3]

Plaintiff next argues that Sun Life's "conduct and statements . . . annul its claim that the limitations period for 'any' lawsuit ran in June 2014." Plaintiff's Response (docket no. 12 at 16). Specifically, she asserts that statements Sun Life made in 2019

---

[3] Plaintiff relies on several Ninth Circuit cases, namely N. Cal. Retail Clerks Unions & Food Emp. Joint Pension Tr. Fund v. Jumbo Mkts., Inc., 906 F.2d 1371 (9th Cir. 1990), Wetzel v. Lou Ehlers Cadillac Grp. Ins. Program, 222 F.3d 643 (9th Cir. 2000), Chuck v. Hewlett Packard Co., 455 F.3d 1026 (9th Cir. 2006), Wise v. Verizon Comm'cns, Inc., 600 F.3d 1180 (9th Cir. 2010), and Withrow v. Halsey, 655 F.3d 1032 (9th Cir. 2011); but these cases are not on point because they do not involve parties that have agreed to a limitations period.

regarding her rights to appeal and file an ERISA action show Sun Life's intent to preclude the contractual limitations period from running until Sun Life last requests a Proof of Claim. But the Court has already rejected this interpretation of the contractual limitations clause. To the extent Plaintiff argues that the 2019 statements revived the limitations period, the Court rejects this argument because Sun Life made the statements long after the contractual limitations period had run. See Gordon v. Deloitte & Touche, LLP Grp. Long Term Disability Plan, 749 F.3d 746, 751 (9th Cir. 2014) (noting that the reopening of a claim does not revive a limitations period because "[r]eviving a limitation period when an insurance company reconsiders a claim after the limitation period has run would discourage reconsideration by insurers even when reconsideration might be warranted"); see also Faciane, 931 F.3d at 423–24. Plaintiff's arguments to the contrary are without merit.[4]

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)  Sun Life's Motion, docket no. 9, is GRANTED;

(2)  The Clerk is directed to enter judgment consistent with this Order; and

//

//

---

[4] Plaintiff cites Spindex Physical Therapy USA, Inc. v. United Healthcare of Ariz., Inc., 770 F.3d 1282 (9th Cir. 2014) to argue that the contractual limitations period does not apply because Sun Life has not shown that it advised her of it. But Spindex concerned a limitations period "buried deep" in a summary plan description (SPD). Id. at 1295. The present case does not involve an SPD and Plaintiff does not argue that Sun Life impermissibly buried the limitations period.

ORDER - 7

(3) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 8th day of January, 2021.

*Thomas S. Zilly*

THOMAS S. ZILLY
United States District Judge

ORDER - 8